## S. Sager *v.* The State.

1. Theft — Evidence.— In a trial for theft, the alleged owner of the stolen property having testified that the defendant executed to him a bill of sale of it, the State's counsel asked him to state its contents. The defense objected, on the ground that the document itself was the best evidence of its contents. *Held,* error to overrule the objection and allow the witness to state the contents of the bill of sale.
2. Same.— Cross-examining a State's witness the defense, for the purpose of showing his *animus* or impeaching him, laid the proper predicate and asked him if he had not told the defendant that he had been his friend but was then his enemy, and intended to have him prosecuted on the charge of theft involved in the pending trial. The State's counsel objected on the ground of irrelevancy, and the trial court sustained the objection. *Held,* error.
3. Practice.— In the course of the trial the defense excepted to certain rulings of the court upon the evidence, and asked time to prepare proper bills of exceptions. *Held,* error to refuse the request.
4. Evidence.— When the State has put in evidence a portion of a conversation between the defendant and another, the defense has the right to prove the whole of it on the same subject. In this case the prosecuting witness testified that on a certain occasion he accused the defendant of the theft, and the defense proposed but was not allowed to elicit the reply made by the defendant to the accusation. *Held* error; the ruling of the trial court cannot, under such circumstances, be sustained on the ground that declarations of the defendant were not evidence in his own favor.
5. Petit Theft — Penalty — Verdict.— Theft of property worth less than twenty dollars is punishable by fine and imprisonment in the county jail, or by such imprisonment without fine; but not by fine alone.

Appeal from the County Court of Rains. Tried below before the Hon. E. P. Kearby, County Judge.

A fine of one dollar was the penalty assessed against the appellant, on his conviction upon an information which charged him with the theft of a cross-cut saw worth four dollars, and a briar-hook worth one dollar and a half, alleged to belong to N. M. Woolsey but to have been taken from the possession of James Woolsey. The

statement of facts and the bills of exception make up quite a voluminous record, but it is believed that for all practical purposes the opinion of this court sufficiently indicates the material facts.

*H. W. Martin,* for the appellant, filed an able brief and argument.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. Numerous errors were committed on the trial of this case in the lower court, all of which are presented by bill of exceptions duly reserved and incorporated in the record.

1. Defendant was charged with stealing a saw and a briar-hook. The evidence disclosed that he had made a trade with one Nathan Woolsey for a pony, in part payment for which he was to let Woolsey have the saw and briar-hook. When the first State's witness was on the stand, he testified that defendant had executed a bill of sale for the articles alleged to have been stolen. Counsel for the prosecution asked him to state the contents of the bill of sale. Defendant's counsel objected on the ground that, if ownership of the property was sought to be established by the fact that title had been conveyed by a written instrument, the instrument itself was the best evidence. This objection was overruled, and the witness was allowed to testify as to the contents of the bill of sale. This was error.

2. One of the prosecuting witnesses being on the stand, defendant's counsel, after laying time, place and circumstances as a predicate, proposed to ask him if he had not made a certain statement with regard to the prosecution of defendant for the theft of these articles; the question being asked for the purpose of showing the *animus* of the witness towards defendant, and, in case of his denial, to introduce testimony to impeach him. The court re-

fused to permit the testimony, and this constitutes error No. 2.

3. Defendant's counsel, having reserved several exceptions to the ruling of the court on the admission and rejection of testimony, asked of the court time to prepare his bills,—which was refused. The law is that, "On the trial of any criminal action the defendant by himself or counsel may tender his bill of exceptions to any decision, opinion, order or charge of the court, or other proceedings in the case, and the judge shall sign such bill of exceptions under the rules prescribed in civil suits, in order that such decision, opinion, order or charge may be revised upon appeal." Code Crim. Proc. art. 686. In civil cases the rule is that, "whenever in the progress of a cause either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made, and at his request time shall be given to embody such exception in a written bill." Rev. Stats. art. 1358. Time should have been allowed defendant's counsel to prepare his bills of exception. The court erred in refusing it.

4. The 5th bill of exceptions shows an error in the exclusion of evidence similar to the 2d error above discussed; and for the same reasons the questions should have been admitted.

5. The 6th bill of exceptions shows an error of court in refusing to allow defendant to prove the whole of a conversation on the same subject whereof the State had been permitted to prove a part. Code Crim. Proc. art. 751.

6. A similar error, and for the same reasons, was committed in the exclusion of evidence as shown by the 7th bill of exceptions. The State, on the examination of Woolsey, her own witness and the alleged owner of the stolen articles, had drawn out part of a conversation between witness and defendant in which witness stated he

had charged defendant with the theft. On cross-examination with regard to this conversation, defendant asked him to state what was the defendant's reply to the accusation of theft. On objection by the State the court refused to permit the evidence, for the reasons that the statements so made by defendant were not only self-serving declarations, but, having been made long after the offense was committed, defendant could not avail himself of them as evidence in his behalf. Self-serving declarations, it is true, that is, declarations made by a defendant in his own favor, unless part of the *res gestœ* or of a confession offered by the prosecution, are inadmissible as evidence for him. Whart. Crim. Ev. (8th ed.) § 690; *Harmon* v. *State*, 3 Texas Ct. App. 51. But the admissibility of the evidence here proposed did not rest upon that ground. Had the defendant proposed in the first instance to introduce these declarations, the objection might have been urged with great propriety, and would doubless have been tenable. But here he was examining the State's witness on cross-examination with regard to his part in a conversation about which the State had examined partly her own witness. Such being the case, and the State having opened the door for its introdution by proving part of the conversation, defendant had the right to give in evidence the whole conversation upon the subject (Code Crim. Proc. art. 751), and the court erred in refusing to permit him to do so.

7. Again, the verdict and judgment were not in conformity to law. Defendant was being prosecuted for theft of property under the value of twenty dollars. The verdict was, "We, the jury, find the defendant guilty and assess his fine at one dollar," and judgment was rendered accordingly. It is provided by statute that "theft of property under the value of twenty dollars shall be punished *by imprisonment* in the county jail not exceeding one year, during which time the prisoner may be put to

hard work, *and by fine* not exceeding five hundred dollars, or by such imprisonment without fine." Penal Code, art. 736. If found guilty, imprisonment is a necessary part of the punishment. There may be imprisonment without fine, but there cannot be fine without imprisonment, under such convictions. Exceptions to this rule of punishment relate to theft of property from the person, and to cases of any particular kind of property where the punishment is specially prescribed (Penal Code, art. 737), but this case does not come within the exceptions. *Fowler* v. *State*, 9 Texas Ct. App. 149.

8. The court erred in not granting defendant's motion for a new trial on the ground that the verdict and judgment were not supported by the evidence.

For the errors noticed, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*